1  BRYAN J. McCORMACK, SBN 192418
   McCORMACK AND ERLICH, LLP
2  150 Post Street, Suite #742
   San Francisco, CA 94108
3  Telephone:    (415) 296-8420
   Facsimile:    (415) 296-8552
4
   Attorneys for Plaintiff SABRINA WILSON

*IT IS SO ORDERED*
*Judge Edward J. Davila*
7/23/2013

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA WILSON | CASE NO.: CV 13-00544 EJD |
| Plaintiff, | **STIPULATION FOR FILNG SECOND AMENDED COMPLAINT** |
| vs. | |
| PAYPAL, INC.; WORKFORCELOGIC, LLC; ABE STAFFING SERVICES, LLC, doing business as WORKFORCELOGIC; APC WORKFORCE SOLUTIONS, LLC, doing business as ZEROCHAOS; GARY D. NELSON ASSOCIATES, INC., and DOES 1 through 20, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiff Sabrina Wilson may file a Second Amended Complaint to add an additional defendant, Gary D. Nelson Associates, Inc.  A copy of the Second Amended Complaint is attached hereto.

IT IS FURTHER STIPULATED that defendants PayPal, Inc. and APC Workforce Solutions, LLC, shall not be required to answer the Second Amended Complaint and that all denials, responses and affirmative defenses contained in the answer filed by defendants to the original Complaint or First Amended Complaint shall be responsive to the Second Amended

-1-

**STIPULATION FOR FILING SECOND AMENDED COMPLAINT**

1 | Complaint.

Dated: July 19, 2013

By: /s/ *Bryan J. McCormack*

Bryan J. McCormack, Esq.
Attorney for Plaintiff
SABRINA WILSON

Dated: July 19, 2013

By: /s/ *Brian L. Johnsrud*

Brian Johnsrud, Esq.
Attorney for Defendant
PAYPAL, INC.

Dated: July 19, 2013

By: /s/ *Sabrina L. Shadi*

Sabrina L. Shadi, Esq.
Attorney for Defendant
APC Workforce Solutions, LLC

STIPULATION FOR FILING SECOND AMENDED COMPLAINT

**Exhibit A**

```
BRYAN J. McCORMACK, SBN 192418
McCORMACK AND ERLICH, LLP
150 Post Street, Suite #742
San Francisco, CA 94108
Telephone:   (415) 296-8420
Facsimile:   (415) 296-8552

Attorneys for Plaintiff SABRINA WILSON
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>PAYPAL, INC.; WORKFORCELOGIC, LLC; ABE STAFFING SERVICES, LLC, doing business as WORKFORCELOGIC; APC WORKFORCE SOLUTIONS, LLC, doing business as ZEROCHAOS; GARY D. NELSON ASSOCIATES, INC., and DOES 1 through 20,<br><br>    Defendants. | CASE NO.: CV 13-00544 EJD<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>(1) **VIOLATION OF THE CALIFORNIA LABOR CODE: UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**<br>(Labor Code §§ 203, 204, 510, 558, and 1194)<br><br>(2) **VIOLATION OF THE FAIR LABOR STANDARDS ACT: LIQUIDATED DAMAGES FOR NON-PAYMENT OF OVERTIME COMPENSATION**<br>(29 U.S.C. § 201, et seq.)<br><br>(3) **WAITING TIME PENALTIES**<br>(Labor Code § 201, et seq.) |

      COMES NOW PLAINTIFF SABRINA WILSON (hereafter referred to as "plaintiff") and alleges as follows:

### GENERAL ALLEGATIONS

    1.    Defendant PayPal, Inc. (hereinafter "PayPal") is a corporation incorporated under the laws of the state of Delaware with its principal place of business in San Jose, California.

    2.    Defendant WorkforceLogic LLC is a limited liability company organized under the laws of the state of Delaware.

    3.    Defendant ABE Staffing Services, LLC, doing business as WorkforceLogic

(hereinafter with WorkforceLogic LLC collectively referred to as "WorkforceLogic"), is a limited liability company organized under the laws of the state of California. WorkforceLogic operates a temporary staffing service at eBay's headquarters in San Jose, California. WorkforceLogic provides temporary staffing for eBay and its subsidiary, PayPal.

4.     Defendant Gary D. Nelson Associates, Inc. is a corporation organized under the laws of the state of California. Prior to January 2012, defendant Gary D. Nelson Associates, Inc. owned and operated WorkforceLogic.

5.     On or about January 2012, defendant APC Workforce Solutions, LLC, doing business in California as ZeroChaos, acquired WorkforceLogic from defendant Gary D. Nelson Associates, Inc.

6.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by defendants.

7.     Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, each of the defendants named herein was the agent and employee of the remaining defendants and was acting within the course and scope of said agency and employment.

## FACTUAL ALLEGATIONS

8.     On or about February 1, 2010, WorkforceLogic hired plaintiff as a project manager and placed her at PayPal's San Jose facility. As part of the employment process, plaintiff and WorkforceLogic signed an agreement entitled "Temporary Employment Agreement for Non-Exempt Employees." Pursuant to the terms of the agreement, plaintiff was classified as a non-exempt employee for overtime purposes and paid an hourly wage rate of $75.00 per hour.

9.     During the period February 1, 2010 to June 1, 2011, WorkforceLogic and PayPal jointly employed plaintiff as a project manager. PayPal supervised plaintiff on a daily basis,

SECOND AMENDED COMPLAINT FOR DAMAGES

1 | while WorkforceLogic paid her wages.

2 |     10.    During the period February 1, 2010 to June 1, 2011, defendants paid plaintiff $75.00 per hour. Plaintiff was expected to work in excess of 8 hours per day and 40 hours per week, but was paid for a maximum of 40 hours per week, regardless of the number of hours worked. On average, plaintiff worked approximately 60 hours per week, but was paid for 40 hours per week.

    11.    After the first pay cycle, plaintiff submitted all of her hours, including her overtime hours, to defendants. In response, plaintiff's PayPal supervisor told plaintiff that PayPal does not pay overtime compensation for her position. Plaintiff's PayPal supervisor further told plaintiff that if she insisted on being paid overtime compensation, she would hire someone else for the job. Plaintiff's PayPal supervisor instructed plaintiff to write down 40 hours per week regardless of the number of hours she worked. Plaintiff complied with this request in order to keep her employment.

    12.    Defendants' supervisors were aware that plaintiff worked more than forty hours per week, but that she was paid for forty hours per week. In fact, plaintiff entered her actual hours worked, including overtime hours, into the PayPal system. In addition, plaintiff's PayPal supervisor scheduled meetings for plaintiff after normal working hours, sent plaintiff email messages after hours, and was aware that plaintiff worked many unpaid hours at home. Despite such, defendants continued to pay plaintiff a maximum of 40 hours per week.

    13.    On or about June 2, 2011, PayPal hired plaintiff as a permanent employee and made her a salaried employee. At that time, PayPal classified her as exempt for overtime purposes.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE CALIFORNIA LABOR CODE:
UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION
(Labor Code §§ 203, 204, 510, 558, and 1194)**

    14.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above as though fully set forth herein.

    15.    During her employment with defendants, plaintiff was covered by Labor Code §

1   510, California Industrial Welfare Commission Occupational Wage Orders, 8 Cal. Code of Reg.
2   § 11040, and 29 U.S.C. § 201, et. seq.  Section 3 of the Wage Orders requires employers to pay
3   employees one-and-one-half times their normal hourly rate for hours worked in excess of eight
4   per day and in excess of forty per week, and at twice the normal hourly rate for hours worked in
5   excess of twelve per day and eight per day on the seventh day worked in a work week.

6       16.    Plaintiff was not exempt from California and federal overtime requirements.
7   Defendants did not pay plaintiff a salary within the meaning of the Wage Orders.  Plaintiff does
8   not fall within the "administrative, executive, or professional" exemptions from the overtime
9   requirements, nor does plaintiff fall within any other exemption from the obligation to pay
10  overtime compensation in the applicable wage orders.

11      17.    At all times during plaintiff's employment, defendants had a consistent policy of
12  permitting, encouraging, and/or requiring plaintiff to work in excess of eight hours per day and
13  in excess of forty hours per week without paying overtime compensation as required by
14  California and federal wage and hour laws.  Defendants willfully failed and refused, and
15  continue to willfully fail and refuse, to compensate plaintiff properly for overtime hours worked

16      18.    By their failure to pay overtime compensation and other wages, as alleged above,
17  defendants violated and continue to violate the provisions the California Labor Code and
18  Industrial Welfare Commission Wage Orders, including but not limited to Labor Code §§ 203,
19  204, 510, 558, 1194, and the IWC Wage Orders, which require the payment of overtime
20  compensation to non-exempt employees, and the payment of all wages due at the time of
21  termination of employment.

22      19.    As a direct and proximate result of defendants' unlawful acts, plaintiff has been
23  deprived of overtime compensation and other wages, in the approximate amount of $158,273.00
24  and is entitled to recovery of such unpaid wages, plus interest thereon, attorneys' fees, and costs,
25  during the statutory period.

26      20.    Defendants, and each of them, in committing the acts alleged herein, engaged in
27  conduct that caused plaintiff to incur damages as set forth in this Complaint.
28      ///

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE: WAITING TIME PENALTIES
(Labor Code §§ 201, 202 and 203)

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

22. Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 202 requires an employer to pay an employee who has resigned all compensation due and owing within 72 hours. Labor Code § 203 provides that an employer who willfully fails to pay compensation promptly upon resignation, as required under § 202, is liable for waiting time penalties in the form of continued compensation for up to thirty work days. This defendants are liable to plaintiff for waiting time penalties in the approximate amount of $31,711.00 pursuant to Labor Code §§ 201-203.

23. Defendants willfully failed and refused to timely pay overtime compensation and other wages to plaintiff as required by the Labor Code. As a consequence of defendants' unlawful practices, plaintiff suffered losses measurable as all earnings and penalties during the statutory period at appropriate interest rates.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT: LIQUIDATED DAMAGES FOR NON-PAYMENT OF OVERTIME COMPENSATION
(29 U.S.C. § 201, et seq.)

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 above as though fully set forth herein.

25. At all relevant times herein, plaintiff's employment with defendants was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. by virtue of defendants' direct involvement in interstate commerce.

26. The FLSA, 29 U.S.C. § 207, requires all employees to be paid overtime compensation for work performed in excess of forty hours per week, unless specifically exempted by the law.

27. Although plaintiff was not exempt during her employment with defendants, defendants knowingly caused and permitted plaintiff to work regularly in excess of forty hours per week without paying plaintiff one and one half times plaintiff's regular rate of pay. Defendants were fully aware of the hours worked by, and the duties assigned to, plaintiff.

28. By not paying overtime compensation and minimum wages in compliance with the FLSA, defendants violated plaintiff's rights under 29 U.S.C. § 201, et seq.

29. Defendants intentionally and willfully, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay plaintiff her proper pay, and thus defendants are liable to plaintiff for liquidated damages in the approximate amount of $143,048.00, pursuant to 29 U.S.C. § 216(b) of the FLSA.

30. Plaintiff was required to retain an attorney for bringing this action and is entitled to an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## **PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. That plaintiff be awarded an amount equal to all unpaid wages, including interest thereon and penalties, in a sum according to proof, but in excess of the minimum jurisdiction of this court; and

2. That plaintiff be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, 29 U.S.C § 216(b) of the FLSA, and other applicable law; and

3. That plaintiff be awarded liquidated damages, pursuant to 29 U.S.C § 216(b) of the FLSA; and

4. That plaintiff be awarded waiting time penalties, and other applicable penalties; and

5. For such other and further relief as this Court may deem just and proper.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

Dated: July 22, 2013

By: /s/ *Bryan J. McCormack*

Bryan J. McCormack, Esq.
Attorney for Plaintiff
SABRINA WILSON

SECOND AMENDED COMPLAINT FOR DAMAGES